UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Paul Jenkins,                                              Case No. 3:10-cr-435

                   Petitioner- Defendant,

     v.                                                   MEMORANDUM OPINION
                                                                   AND ORDER

United States of America,


                   Respondent-Plaintiff.

Petitioner Paul Jenkins challenges the sentence he received following his conviction for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g). Jenkins was sentenced as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Because he previously filed a motion to vacate, set aside, or amend his sentence pursuant to 28 U.S.C. § 2255, he sought permission from the Sixth Circuit to file a second or successive § 2255 motion challenging his sentence on the basis that his Kentucky burglary convictions no longer constitute violent felonies under the ACCA as a result of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Sixth Circuit concluded Jenkins had made a prima facie showing that *Johnson* constituted a new constitutional rule which was not previously available to him on collateral review of his conviction and granted his motion. (Doc. No. 149 at 1-2).

While considering Jenkins's request for permission to file a second or successive § 2255 application, the Sixth Circuit offered the following summary of the procedural history of Jenkins' case:

> In 2011, Jenkins pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court determined that he qualified as an armed career criminal under 18 U.S.C. § 924(e) based on his two Kentucky first-degree burglary convictions, two Kentucky second-degree burglary convictions, one Tennessee burglary conviction, and one Ohio third-degree burglary conviction, and sentenced him to 240 months of imprisonment. This court affirmed. *United States v. Jenkins*, 528 F. App'x 483, 485-86 (6th Cir. 2013) (unpublished). The district court denied Jenkins's first § 2255 motion and this court denied him a certificate of appealability.

*United States v. Jenkins*, No. 16-3668, --- F. App'x --- (6th Cir., Nov. 28, 2016).

The Sixth Circuit reasoned Jenkins is entitled to have his sentence reviewed because the Supreme Court's decisions in *Johnson* and *Mathis v. United States*, 136 S. Ct. 2243 (2016), "call into question whether Kentucky burglary convictions, without the benefit of the residual clause, still qualify as violent felonies under the enumerated offenses clause of the ACCA." (Doc. No. 149 at 2).

Since granting Jenkins's motion, the Sixth Circuit has answered this question with respect to Jenkins's two Kentucky second-degree burglary convictions. In *United States v. Malone*, the Sixth Circuit affirmed several of its earlier decisions, as well as the district court in that case, when it held "Kentucky second-degree burglary categorically qualifies as generic burglary under the ACCA's enumerated-offenses clause." 889 F.3d 310, 313 (6th Cir. 2018).

While the government concedes Jenkins's Kentucky first-degree burglary convictions likely do not satisfy the enumerated-offenses clause, (Doc. No. 160 at 19), it also argues it is unnecessary to revisit Jenkins's sentence because the Sixth Circuit also has held convictions under Tennessee law for Class D felony burglary are violent felonies under the ACCA and therefore support an armed-career-criminal determination. *United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017) (citing

*United States v. Priddy*, 808 F.3d 676, 684-85 (6th Cir. 2015)[1]). I am bound by the Sixth Circuit's published decisions in *Ferguson* and *Priddy*, and therefore conclude Jenkins's Tennessee burglary conviction also qualifies as generic burglary under the ACCA's enumerated-offenses clause.

Because Jenkins has three violent felonies, he qualifies as an armed career criminal under the ACCA, and I deny his proposed § 2255 application. (*See* Doc. No. 149-2).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge

---

[1] At the time the Sixth Circuit issued its decision in *Ferguson*, there may have been some uncertainty as to the continued import of *Priddy*, due to the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), which overruled *United States v. Nance*, 481 F.3d 882 (6th Cir. 2007), a case on which *Priddy* had placed significant reliance. Those concerns likely have been resolved, as the Supreme Court has unanimously reversed the Sixth Circuit's decision in *Stitt*. *United States v. Stitt*, 139 S. Ct. 399 (2018).