UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Paul Jenkins,                                               Case No. 3:10-cr-435

                 Petitioner- Defendant,

v.                                                     MEMORANDUM OPINION
                                                           AND ORDER

United States of America,

                 Respondent-Plaintiff.

Petitioner Paul Jenkins has filed a motion for the appointment of counsel, (Doc. No. 219), and a motion for resentencing. (Doc. No. 220). The government has filed a brief in opposition to Jenkins' motions, (Doc. No. 223), and Jenkins has filed a brief in reply. (Doc. No. 224).

Jenkins previously was convicted of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to 240 months in prison as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (*See* Doc. No. 91). Jenkins' conviction and sentence was upheld on appeal. *United States v. Jenkins*, 528 F. App'x 483 (6th Cir. 2013). Jenkins then filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255, which my former colleague, United States District Judge David A. Katz, denied. (Doc. No. 136).

Jenkins later sought permission from the Sixth Circuit to file a second or successive § 2255 motion challenging his sentence on the basis that his Kentucky burglary convictions no longer constitute violent felonies under the ACCA as a result of the Supreme Court's decision in *Johnson v.*

*United States*, 135 S. Ct. 2551 (2015). The Sixth Circuit concluded Jenkins had made a prima facie showing that *Johnson* constituted a new constitutional rule which was not previously available to him on collateral review of his conviction and granted his motion. (Doc. No. 149 at 1-2).

I denied Jenkins' § 2255 motion, concluding Jenkins's two Kentucky second-degree burglary convictions and his Tennessee burglary conviction qualified as generic burglary under the ACCA's enumerated-offenses clause. Therefore, Jenkins had three violent felonies and qualified as an armed career criminal under the ACCA. (Doc. No. 176).

While he did not describe it as one, Jenkins' motion for resentencing is a motion to vacate, set aside, or correct his sentence under § 2255. He argues his sentence is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), because there is an unwarranted disparity between his sentence and the since-reduced sentence of his co-defendant, Jason Jahns. (Doc. No. 220 at 1-2). He also argues his Tennessee conviction is not a qualifying conviction. (*Id.* at 3-4).

The Sixth Circuit requires that, if a petitioner files a second or successive § 2255 motion without first obtaining permission from the Court of Appeals, "the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997); *see also* 28 U.S.C. § 2244(b)(3).

It is true that a petition is not "successive" if it raises "newly ripe claims." *In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012). But Jenkins' claims are not new. I previously addressed his Tennessee conviction in denying his most recent § 2255 motion, (Doc. No. 176 at 2-3). And Jahns' resentencing did not give rise to a new claim for relief which Jenkins may assert. *See, e.g., Lang v. United States*, 474 F.3d 348, 351-52 (6th Cir. 2007) (§ 2255 motion is not second or successive if it results from <u>the defendant's</u> "previous successful action"). Moreover, § 3553(a)(6) is concerned with "national sentencing disparities rather than sentencing disparities among codefendants." *United States v. Peppel*, 707 F.3d 627, 638 (6th Cir. 2013) (citing *United States v. Simmons,* 501 F.3d 620, 623-24

2

(6th Cir. 2007)).

     Jenkins did not first seek permission from the Sixth Circuit to file what amounts to his third § 2255 motion. Therefore, I deny his motion for the appointment of counsel, (Doc. No. 219), and transfer his motion for resentencing, (Doc. No. 220), to the Sixth Circuit Court of Appeals.

     So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge
