UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                               Case No. 3:10-cr-435

       Plaintiff,

v.                                                      ORDER

Paul Jenkins,

       Defendant.

Defendant Paul Jenkins has filed a *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582. (Doc. No. 230). Section 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
>> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
>>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>>
>>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger

>>to the safety of any other person or the community, as provided under section 3142(g);

>and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

>>(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; . . . .

18 U.S.C. § 3582(c)(1).

Jenkins previously was convicted of unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), and was sentenced to 240 months in prison as an armed career criminal pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). (*See* Doc. No. 91). Jenkins' conviction and sentence was upheld on appeal. *United States v. Jenkins*, 528 F. App'x 483 (6th Cir. 2013).

Jenkins contends the disparity between his sentence of 240 months and his co-defendant Jason Jahns' sentence of 180 months (imposed during a resentencing hearing following Jahns' successful petition for habeas relief under 28 U.S.C. § 2241) constitutes an extraordinary and compelling reason to modify his sentence. (Doc. No. 230 at 8); (*see also id.* (arguing the sentencing disparity "amount[s] to a disparity that carries the taint of a [m]iscarriage of [j]ustice")).[1]

But Jenkins has not identified any case in which the Sixth Circuit has held that a co-defendant's reduced sentence, standing alone, constitutes an extraordinary and compelling reason justifying compassionate release. Indeed, the Sixth Circuit has said exactly the opposite.

In *United States v. Hunter*, the court of appeals noted "[a] court must first find that the facts of *the defendant's* personal circumstances changed after sentencing in a way that is 'extraordinary and

---

[1] Jenkins previously raised a substantially similar argument. (Doc. No. 226 at 2); (*see also* Doc. No. 220 at 2 (arguing sentencing disparity violates fundamental fairness)). I construed Jenkins' earlier motion as a second or successive § 2255 motion and transferred the case to the Sixth Circuit. The Sixth Circuit dismissed the action for want of prosecution after Jenkins failed to meet a deadline to supplement his second or successive application. (Doc. No. 229).

compelling,' before a court is permitted to weigh (or revisit) the § 3553(a) factors." *United States v. Hunter*, 12 F.4th 555, 569 (6th Cir. 2021), *cert. denied,* 142 S. Ct. 2771 (2022) (emphasis in original). Post-sentencing developments in a co-defendant's case alone are insufficient to support a sentence modification, because "even if the sentence disparity did not exist at the time [the defendant] was sentenced, subsequent leniency in another defendant's case says nothing about how [the defendant's] personal circumstances have changed since he was sentenced." *Hunter*, 12 F.4th at 571-72.

Jenkins has not met his burden to show extraordinary and compelling reasons warrant a reduction in his sentence. Therefore, I deny his motion. (Doc. No. 230).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge